IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN HAMILTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 13-1237 |
| v. | ) | Electronically Filed |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION RE: PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT (DOC NOS. 10 AND 12)

**I.     Introduction**

Plaintiff, John Hamilton ("Plaintiff"), brings this action pursuant to the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have filed Cross-Motions for Summary Judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 10) will be denied, the Commissioner's Motion for Summary Judgment (Doc. No. 12) will be granted, and the administrative decision of the Commissioner will be affirmed.

**II.    Procedural History**

Plaintiff protectively filed applications for DIB and SSI on July 28, 2009, alleging disability as of June 1, 2009. R. 36-39. Plaintiff amended his application on August 20, 2009, changing the onset date of his disability to July 15, 2007. R. 40-41. The application was denied by the state agency on August 24, 2009. R. 50-53. Plaintiff responded on November 17, 2009, by filing a timely request for an administrative hearing. R. 58-59. On April 8, 2011, a hearing

was held in Pittsburgh, Pennsylvania, before Administrative Law Judge ("ALJ") Alma S. de Leon. R. 12-19. Plaintiff, who was represented by counsel, appeared and testified. R. 100-114.

In a decision dated April 15, 2011, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Act. R. 12-19. The Appeals Council denied Plaintiff's request for review on April 23, 2012, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 7-9. Plaintiff commenced the present action on August 27, 2013, seeking judicial review of the Commissioner's decision. Doc. No. 1. Plaintiff filed a Motion for Summary Judgment on December 10, 2013. Doc. No. 10. The Commissioner filed a Cross-Motion for Summary Judgment on January 9, 2014. Doc. No. 12. These Motions are ripe for disposition and are the subject of this Memorandum Opinion.

### III. Statement of the Case

In her decision, the ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.

2. Through December 31, 2007, the claimant engaged in substantial gainful activity during the following periods: July 15, 2007 through December 31, 2007, the date last insured (20 CFR 404.1420(b) and 404.1571 *et seq.*).

3. Through December 31, 2007, there was no continuous 12-month period during which the claimant did not engage in substantial gainful activity.

4. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 15, 2007, the alleged onset date, through December 31, 2007, the date last insured (20 CFR 404.1520(b)).

R. 15-19.

**IV.	Standard of Review**

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190–1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions; he or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's

decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. It is on this standard that the Court has reviewed the Parties' Cross-Motions for Summary Judgment.

## V.     Discussion

In support of his Motion for Summary Judgment and request for remand, Plaintiff argues that the ALJ erred in determining that he engaged in substantial gainful activity subsequent to his alleged onset date of disability. Doc. No. 11. Specifically, Plaintiff contends that the ALJ: (1) improperly classified his activity in the period as substantial and gainful; and (2) improperly ignored medical evidence. The Commissioner argues that the ALJ's decision is supported by substantial evidence and the weight of persuasive case law, noting the unique nature of the claimant's self-employment. Doc. No. 10.

1. *ALJ's Classification of Plaintiff's Employment is Supported by Substantial Evidence*

In order to establish a disability under the Social Security Act, a claimant must display "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). A five-step sequential evaluation process is used to decide whether a claimant is disabled. 20 C.F.R. § 404.1520(a). In steps one, two, and four, the burden is on the claimant to present evidence to support his position that he is entitled to Social Security benefits, while in the fifth step, the burden shifts to the Commissioner to show that the claimant is capable of performing work that is available in the national economy. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000).

In her opinion, the ALJ ruled in step one of the five-part analysis that the Plaintiff performed substantial gainful activity, which led to a finding that he was not disabled under the Act. R. 18. That finding relied heavily upon determining that, though Plaintiff did not report correlative earnings, the value of the Plaintiff's services to his company valued at least $900. *Id*.

Plaintiff is self-employed, and specific rules direct the analysis of an application from a self-employed claimant to determine whether he is engaged in substantial gainful activity. 20 C.F.R. § 404.1575. Instead of looking strictly to the reported income of the claimant, the ALJ is to evaluate work activity "based on the value of [the claimant's] services to the business," regardless of actual compensation for that service. 20 C.F.R. § 404.1575(a)(2). One of the tests used to evaluate substantial gainful activity mandates a finding that a claimant is engaged in substantial gainful activity if his "work activity, although not comparable to that of unimpaired

individuals, is clearly worth the amount" indicated in the earnings guidelines in terms of value to the business. 20 C.F.R. § 404.1575(a)(2)(iii).

The ALJ requested business and personal tax returns from Plaintiff that would support his statements about his income, but he did not honor those requests, choosing instead not to submit the financial documents to the ALJ. R. 18. Because of the nature of the Plaintiff's employment and his failure to submit the required documentation, there is insufficient evidence to challenge the ALJ's determination that the value of the Plaintiff's contribution to his business exceeded $900 per month during the period in question. R. 18-19. The ALJ took into account "both the services performed on the premises and those rendered by telephone" in reaching her conclusion regarding the value of the Plaintiff's services. R. 18. Such a finding is subjective, and integral to Judge de Leon's conclusion is her assessment of the Plaintiff's credibility in his description of the services he rendered to his business. R. 18-19. Noting that the Plaintiff "changed his statements regarding the extent of [his services to the company] and he has not submitted requested financial records," the ALJ recognized his eroding credibility in the determination of whether his conduct constituted substantial gainful activity for the purpose of the Act. R. 18-19.

Plaintiff challenges the ALJ's unfavorable evaluation of credibility with respect to her finding of substantial gainful employment. This Court, however, must give great deference to the ALJ's credibility determination, as that Judge is the one best equipped to evaluate the claimant. *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). In assessing the validity of a credibility judgment where cause was given by the ALJ, a reviewing Court must only determine "whether it is enough in itself that he gave a reason or that the reason is sufficient." *Wier on Behalf of Wier v. Heckler*, 734 F.2d 955, 962 (3d Cir. 1984). This Court finds the Plaintiff's

arguments to this end unpersuasive and defers to the judgment of the ALJ with respect to the Plaintiff's credibility.

This Court is satisfied in the depth of the ALJ's analysis, as the record contains substantial evidence to support her findings that the claimant was engaged in substantial gainful activity throughout 2007 and that he was not disabled in that time under the terms of the Social Security Act.

    2. *ALJ Did Not Improperly Ignore Evidence of Plaintiff's Medical Condition*

Plaintiff argues that the ALJ erred by failing to consider evidence of his atrial fibrillation, congestive heart failure, and ejection fraction in her determination that he was engaged in substantial gainful activity. Doc. 11, 7. Plaintiff argues that this cardiac condition contributed to, if not caused, his drop in work activity, and he believes that evidence of the condition is "highly relevant" to the Step 1 analysis. Doc. 11, 7-9.

The five-step evaluation process provides that, if the ALJ finds that a claimant is disabled at any step, she may determine whether to go on to the next step. 20 C.F.R. § 404.1520(a). The ALJ determined in the first step of the process that the Plaintiff was engaged in substantial gainful activity, rendering him not disabled regardless of his "medical condition or [his] age, education, and work experience." 20 C.F.R. § 404.1520(b).

Thus, it was within the ALJ's discretion whether to continue to the second step of the analysis, which requires an examination of the medical severity of the impairments. 20 C.F.R. § 404.1520(b). The plain instruction of the first step of the five-step sequential evaluation requires only an analysis of the employment activity and does not require consideration of specific medical conditions. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The ALJ determined that Plaintiff did not meet the necessary burden to establish that he was not engaged in substantial gainful activity at Step 1 of the five-step sequential evaluation. Therefore, the ALJ was not required to consider any evidence outside the scope of the Plaintiff's employment, including evidence about his medical condition. The ALJ did not err in her decision not to consider medical evidence in determining that the Plaintiff was engaged in substantial gainful activity.

**VI. Conclusion**

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's administrative decision will be affirmed. An appropriate Order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All Registered ECF Counsel and Parties